IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Anthony D. Williams, #14113-112, | C/A No.: 1:16-3043-RMG-SVH |
| Plaintiff, | |
| vs. | |
| Ms. Loretta Lynch, Attorney General; Mr. Travis Bragg, C.E.O. Warden; Ian Connor, National Inmate Appeal Coordinator; M. Holliday, Chief Dietitian; M. Furman, Associate Warden; P. Kelly, Associate Warden; Mr. Hicks, Institutional Captain; S.K. Brosier, Admini_Remedy Coordinator; Mr. Rich, CMC Coordinator; T. Whitehead, Unit Manager; J. Ackerman, Case Manager; Mrs. Roberts, Case Manager; Mrs. Bennett, Secretary; Ms. Prince, Correctional Officer; J. Onuoha; Mr. Padilla, Food Service Administrator; John/Jane Doe, Designation and Sentence Computation Unit Team; Ms. Murberry; United States of America; Mr. Cox; Mr. Parra; Mr. Davis, Unit Manager; and Mr. Rodriguez, | ORDER |
| Defendants. | |

Anthony D. Williams ("Plaintiff"), proceeding pro se and in forma pauperis, brings this action alleging a violation of his constitutional rights while at FCI-Bennetsville. This matter comes before the court on the following motions filed by Plaintiff prior to his transfer to FCI-Williamsburg: (1) motion for a preliminary injunction regarding alleged retaliation at FCI-Bennettsville [ECF No. 18]; (2) motion for a

preliminary injunction regarding his diet [ECF No. 19]; (3) motion for a preliminary injunction related to conditions of confinement at FCI-Bennettsville [ECF No. 20]; (4) motion for clerk of court to serve documents [ECF No. 47]; (5) motion to expedite motion for preliminary injunction [ECF No. 48]; (6) motion to amend motion to expedite motion for preliminary injunction [ECF 52]; and (7) motion for ex parte motion [ECF No. 53]. All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b) and Local Civ. Rule 73.02(B)(2)(e) (D.S.C.).

I. Motions related to injunctive relief [ECF Nos. 18, 19, 20, 48, 52]

In his motions for injunctive relief, Plaintiff alleges Defendants have retaliated against him for filing grievances or legal claims [ECF No. 18], have failed to comply with his doctor's recommendation regarding his diet [ECF No. 19], and have failed to remedy alleged unconstitutional conditions of confinement at FCI-Bennettsville [ECF No. 20]. Plaintiff has since been transferred to FCI-Williamsburg. [ECF No. 61]. Because Plaintiff has been transferred to another facility, his requests for declaratory and injunctive relief related to his confinement at FCI-Bennettsville are moot. *See Incumaa v. Ozmint*, 507 F.3d 281, 286–87 (4th Cir. 2007) (finding that a prisoner's transfer or release from a particular prison moots his claims for injunctive and declaratory relief with respect to the conditions of his confinement there); *see also Williams v. Griffin*, 952 F.2d 820, 823 (4th Cir. 1991) (finding that a transfer rendered moot a prisoner's claims for injunctive and declaratory relief, but not claims for damages); *Taylor v. Rogers*, 781 F.2d 1047, 1048 n. 1 (4th Cir. 1986) (same). Therefore, Plaintiff's motions related to his requests for injunctive relief are denied as moot.

II.  Motion for the Clerk to serve filings

Plaintiff requests that the Clerk of Court serve defendants with documents he files. [ECF No. 47]. Plaintiff has previously been advised that:

> Pursuant to Fed. R. Civ. P. 5, any documents filed subsequent to the initial pleading must be served on parties. Unless otherwise ordered, service of subsequently filed documents on a defendant represented by an attorney is made on the attorney. Service on attorneys who have made an appearance in this court is effected by the court's Electronic Case Filing system through a computer generated notice of electronic filing. However, prior to defendants' attorney making an appearance in this court, Plaintiff must serve defendants with any documents Plaintiff files subsequent to the initial pleading and file a certificate of service that states who was served, what document was served, and how the document was served.

[ECF No. 36]. Therefore, Plaintiff need only serve by mail parties who have not had an attorney make an appearance in this case. To the extent Plaintiff requests the court serve motions or other filings beyond his complaint on defendants who have not had an attorney make an appearance on the docket, his motion is denied.

III.  Motion for an ex parte motion [ECF No. 53]

In his motion, Plaintiff requests affidavits he submitted from other inmates be sealed from the public docket and defendants. Plaintiff provides no legal authority for this request. Therefore, Plaintiff's motion to submit documents ex parte is denied.

IT IS SO ORDERED.

*Shiva V. Hodges*

May 15, 2017  
Columbia, South Carolina

Shiva V. Hodges  
United States Magistrate Judge