IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Anthony D. Williams, #14113-112, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> Ms. Loretta Lynch, Attorney General; ) <br> Mr. Travis Bragg, C.E.O. Warden; Ian ) <br> Connor, National Inmate Appeal ) <br> Coordinator; M. Holliday, Chief ) <br> Dietitian; M. Furman, Associate ) <br> Warden; P. Kelly, Associate Warden; ) <br> Mr. Hicks, Institutional Captain; S.K. ) <br> Brosier, Admini_Remedy Coordinator; ) <br> Mr. Rich, CMC Coordinator; T. ) <br> Whitehead, Unit Manager; J. Ackerman, ) <br> Case Manager; Mrs. Roberts, Case ) <br> Manager; Mrs. Bennett, Secretary; Ms. ) <br> Prince, Correctional Officer; J. Onuoha; ) <br> Mr. Padilla, Food Service ) <br> Administrator; John/Jane Doe, ) <br> Designation and Sentence Computation ) <br> Unit Team; Ms. Murberry; United States ) <br> of America; Mr. Cox; Mr. Parra; Mr. ) <br> Davis, Unit Manager; and Mr. ) <br> Rodriguez, ) <br> ) <br> Defendants. ) <br> ) | C/A No.: 1:16-3043-RMG-SVH <br><br><br><br><br><br> ORDER |

Anthony D. Williams ("Plaintiff"), proceeding pro se and in forma pauperis, brings this action alleging a violation of his constitutional rights while at FCI-Bennettsville.[1] This matter comes before the court on the following motions: (1) Plaintiff's motion for discovery [ECF No. 117]; (2) Plaintiff's motion to appoint counsel

---

[1] Plaintiff is now housed at the Federal Correctional Institution in Beaumont, Texas.

[ECF No. 118]; (3) Plaintiff's motion to hold the court's prior order in abeyance [ECF No. 119]; and (4) Defendants' motion to strike and for sanctions [ECF No. 121]. All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b) and Local Civ. Rule 73.02(B)(2)(e) (D.S.C.).

I. Motion for discovery [ECF No. 117]

In his motion for discovery, Plaintiff indicates that he did not receive the court's June 23, 2017 scheduling order until August 2017.[2] Plaintiff's motion for discovery is denied as untimely, as it was filed over two months after the deadline expired and over a month after the conclusion of mediation in this case.

II. Motion to Appoint Counsel

It appears that Plaintiff's prior motion to appoint counsel was intended only as an exhibit to his motion for discovery. [*See* ECF No. 117 at ¶ 5]. However, out of an abundance of caution, the undersigned addresses it substantively. Plaintiff's motion to appoint counsel is denied for the reasons his prior motions to appoint counsel were denied in the court's November 16, 2016 and August 31, 2017 orders [ECF Nos. 24, 98], as set forth below.

There is no right to appointed counsel in a case filed pursuant to 42 U.S.C. § 1983. *Cf. Hardwick v. Ault*, 517 F.2d 295, 298 (5th Cir. 1975). While the court is granted the power to exercise its discretion to appoint counsel for an indigent in a civil action, 28

---

[2] Although Plaintiff states that he was in transit to a new address until June 29, 2017, the court has previously noted [ECF No. 98] that because Plaintiff failed to inform the court of his transfer until August 29, 2017, the court unknowingly had no means of contacting him.

U.S.C. § 1915(e)(1); *Smith v. Blackledge*, 451 F.2d 1201 (4th Cir. 1971), such appointment "should be allowed only in exceptional cases." *Cook v. Bounds*, 518 F.2d 779, 780 (4th Cir. 1975). After a review of the motion, the court has determined that there are no exceptional or unusual circumstances presented which would justify the appointment of counsel, nor would Plaintiff be denied due process if an attorney were not appointed. *Whisenant v. Yuam*, 739 F.2d 160 (4th Cir. 1984), *abrogated on other grounds by Mallard v. U.S. Dist. Court*, 490 U.S. 296 (1989). The issues in most civil rights cases are not complex, and whenever such a case brought by an uncounseled litigant goes to trial, the court outlines the proper procedure so the uncounseled litigant will not be deprived of a fair opportunity to present his or her case. Accordingly, Plaintiff's motion for a discretionary appointment of counsel under 28 U.S.C. § 1915 (e)(1) is denied.

III.     Motion to Hold the Court's Prior Order in Abeyance

Plaintiff requests reconsideration of the court's July 18, 2017 order, in which the court denied three prior motions by Plaintiff. Plaintiff contends that he did not receive Defendants' responses to his motions and was not able to file a reply. However, Plaintiff's failure to receive Defendants' responses is due to his own failure to keep Defendants and the court apprised of his address from June 29, 2017, until August 29, 2017. [*See* ECF No. 98]. Plaintiff was previously warned:

> You are ordered to always keep the Clerk of Court advised in writing (United States District Court, 901 Richland Street, Columbia, South Carolina 29201) if your address changes for any reason, so as to assure that orders or other matters that specify deadlines for you to meet will be received by you. If as a result of your failure to comply with this order, you fail to meet a deadline set by this court, your case may be dismissed for violating this order. Therefore, if you have a change of address before this

case is ended, you must comply with this order by immediately advising the Clerk of Court in writing of such change of address and providing the court with the docket number of all pending cases you have filed with this court. Your failure to do so will not be excused by the court.

[ECF Nos. 5, 24, 31]. Therefore, Plaintiff's motion to hold the court's prior order in abeyance [ECF No. 119] is denied.

IV. Defendants' Motion to Strike and for Sanctions

Defendants move to strike a letter from Plaintiff discussing mediation negotiations. [ECF No. 121]. Defendants argue that it violates Local Civ. Rule 16.08 (D.S.C.), which states that mediation communications are confidential and should not be introduced in any proceeding. The undersigned grants Defendants' motion and instructs the Clerk of Court to delete the letter [ECF No. 116] from the docket. The undersigned denies Defendants' motion for sanctions related to the letter.

IT IS SO ORDERED.

*Shiva V. Hodges*

November 15, 2017
Columbia, South Carolina

Shiva V. Hodges
United States Magistrate Judge