IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Anthony D. Williams, #14113-112,<br><br>Plaintiff,<br><br>vs.<br><br>Ms. Loretta Lynch, Attorney General; Mr. Travis Bragg, C.E.O. Warden; Ian Connor, National Inmate Appeal Coordinator; M. Holliday, Chief Dietitian; M. Furman, Associate Warden; P. Kelly, Associate Warden; Mr. Hicks, Institutional Captain; S.K. Brosier, Admin Remedy Coordinator; Mr. Rich, CMC Coordinator; T. Whitehead, Unit Manager; J. Ackerman, Case Manager; Mrs. Roberts, Case Manager; Mrs. Bennett, Secretary; Ms. Prince, Correctional Officer; J. Onuoha; Mr. Padilla, Food Service Administrator; John/Jane Doe, Designation and Sentence Computation Unit Team; Ms. Murberry; United States of America; Mr. Cox; Mr. Parra; Mr. Davis, Unit Manager; and Mr. Rodriguez,<br><br>Defendants. | C/A No.: 1:16-3043-DCC-SVH<br><br><br><br><br>ORDER |

Anthony D. Williams ("Plaintiff"), proceeding pro se and in forma pauperis, brings this action alleging a violation of his constitutional rights while at the Federal Correctional Institution located in Bennettsville, South Carolina. Defendants filed a motion to dismiss, or in the alternative for summary judgment, on November 6, 2017. [ECF No. 113]. As Plaintiff is proceeding pro se, the court entered an order pursuant to

*Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), on November 6, 2017, advising him of the importance of the motion to dismiss and of the need for him to file an adequate response by December 8, 2017. [ECF No. 114].

On December 1, 2018, Plaintiff filed a document that was titled "Plaintiff's Response in Opposition," but which did not address any of the substantive arguments of Defendants. [ECF No. 128]. The document instead alleged that Plaintiff needed discovery, that he was transferred to another institution in retaliation, and that he needed additional time to respond to Defendants' motion. *Id*. During the first week of December, Plaintiff also filed the following motions, all of which restate the same arguments: (1) Plaintiff's motion for an extension and continuance [ECF No. 129]; (2) Plaintiff's motion for reconsideration of the undersigned's prior order denying his request for counsel and for additional time to conduct discovery [ECF No. 130]; and (3) Plaintiff's motion to stay all proceedings [ECF No. 131].

All of Plaintiff's pending motions seek the same result—that the court grant him additional time to conduct discovery and that he then be permitted to respond to Defendants' motion. The undersigned has reviewed the proposed discovery topics, *see* ECF No. 129 at 5, and does not believe that the discovery is necessary for Plaintiff to respond to Defendants' motion. For instance, while much of the proposed discovery seeks policies of the Bureau of Prisons and its individual institutions on a variety of topics, the law is clear that violations of internal policies in and of themselves do not rise to a constitutional violation. *See, e.g., Thompson v. City of Chicago*, 472 F.3d 444, 455 (7th Cir. 2006) ("Whether [an officer's] conduct conformed with the internal [police

department general orders] concerning the use of force on an assailant was irrelevant to the jury's determination of whether his actions . . . were 'objectively reasonable' under the Fourth Amendment."); *see also Green v. Kirkland*, No. 1:14-cv-2225-MGL-SVH, 2015 WL 1268320 (4th Cir. Mar. 19, 2015) ("Whether Defendants' actions were compliant with their internal policies is not relevant to whether their actions were unconstitutional. Therefore, Plaintiff is not entitled to the use of force policy."). In addition, Plaintiff is not entitled to the identities of other prisoners filing grievances for similar conduct of that alleged in the complaint, as such information is not relevant to his claims. Finally, while Plaintiff has not shown he is entitled to his medical records since 2009 as he requests [ECF No. 129 at 5], Defendants have provided over 300 pages of his relevant medical records as an exhibit to their motion [ECF No. 113-16].

Plaintiff's motions [ECF Nos. 129, 130, 131] are denied to the extent that they request he be allowed to conduct discovery outside of the scheduling order. In addition to the reasons outlined in the undersigned's previous orders, Plaintiff has not shown that the requested discovery is relevant and proportional to the needs of the case pursuant to Fed. R. Civ. P. 26(b).

Defendants' motion has been pending for five months and Plaintiff has failed to substantively respond to the motion. To the extent ECF No. 131 requests limited additional time to respond to Defendants' motion, it is granted. Plaintiff's deadline to substantively respond to the motion is now **April 5, 2018**. Plaintiff is advised that **no further extensions will be granted** and if he fails to substantively respond, the undersigned will rule on the record before the court.

IT IS SO ORDERED.

*Shiva V. Hodges*

March 6, 2018  
Columbia, South Carolina

Shiva V. Hodges  
United States Magistrate Judge