IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Anthony D. Williams, #14113-112, ) | C/A No.: 1:16-3043-DCC-SVH |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| Ms. Loretta Lynch, Attorney General; ) | |
| Mr. Travis Bragg, C.E.O. Warden; Ian ) | |
| Connor, National Inmate Appeal ) | |
| Coordinator; M. Holliday, Chief ) | |
| Dietitian; M. Furman, Associate ) | |
| Warden; P. Kelly, Associate Warden; ) | |
| Mr. Hicks, Institutional Captain; S.K. ) | ORDER |
| Brosier, Admin Remedy Coordinator; ) | |
| Mr. Rich, CMC Coordinator; T. ) | |
| Whitehead, Unit Manager; J. Ackerman, ) | |
| Case Manager; Mrs. Roberts, Case ) | |
| Manager; Mrs. Bennett, Secretary; Ms. ) | |
| Prince, Correctional Officer; J. Onuoha; ) | |
| Mr. Padilla, Food Service ) | |
| Administrator; John/Jane Doe, ) | |
| Designation and Sentence Computation ) | |
| Unit Team; Ms. Murberry; United States ) | |
| of America; Mr. Cox; Mr. Parra; Mr. ) | |
| Davis, Unit Manager; and Mr. ) | |
| Rodriguez, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Anthony D. Williams ("Plaintiff"), proceeding pro se and in forma pauperis, brings this action alleging a violation of his constitutional rights while at the Federal Correctional Institution located in Bennettsville, South Carolina. He has since been transferred to other institutions and is currently housed at Federal Medical Center–Devens. Defendants filed a motion to dismiss, or in the alternative for summary

judgment, on November 6, 2017. [ECF No. 113]. As Plaintiff is proceeding pro se, the court entered an order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), on November 6, 2017, advising him of the importance of the motion and of the need for him to file an adequate response by December 8, 2017. [ECF No. 114].

On December 1, 2018, Plaintiff filed a document that was titled "Plaintiff's Response in Opposition," but which did not address any of the substantive arguments of Defendants. [ECF No. 128]. The document instead alleged that Plaintiff needed discovery, that he was transferred to another institution in retaliation, and that he needed additional time to respond to Defendants' motion. *Id*.

On March 6, 2018, the court issued an order denying Plaintiff additional time for discovery and noting that the discovery he requested was not necessary to respond to Defendants' motion. [ECF No. 137]. This matter comes before the court on the following motions by Plaintiff: (1) motion for reconsideration of Plaintiff's past motions [ECF No. 143]; (2) motion for an additional copy of Defendants' motion to dismiss [ECF No. 144]; and, (3) motion for all correspondence to be sent by certified mail [ECF No. 145].

I.   Motion for Reconsideration

In his motion for reconsideration, Plaintiff recounts the same arguments he has repeatedly made in this court, about why he believes he needs discovery before he can respond to Defendants' motion. He first argues that he needs sworn affidavits from other inmates. However, that is not information he can request from Defendants. In addition, the court does not make credibility determinations on a motion for summary judgment; therefore, at this stage, Plaintiff does not need multiple affidavits to corroborate his own

sworn statement. Additionally, to the extent he seeks information about allegedly unconstitutional conditions prior to his alleged injuries, such information is not relevant to Plaintiff's causes of action.

Plaintiff also claims he needs all medical records, "not just the medical records that benefit the Defendants." There is no evidence that Defendants have selected specific medical records, but instead have provided Plaintiff's full BOP medical records while at FCI-Bennetsville. [ECF No. 113-16]. In fact, Defendants have attached a particularly voluminous set of medical records. Although Plaintiff states that he needs hospitalization records, it is not clear that Defendants have copies of all of these records. Plaintiff may state in an affidavit what he believes the medical records will show and attach it to his response to Defendants' motion.

Finally, to the extent that Plaintiff seeks a reconsideration of the court's denial of his motion to appoint counsel, he has not shown any change in circumstance. Plaintiff's motion for reconsideration [ECF No. 143] is denied.

II. Motion for a Copy of Defendants' Motion

Plaintiff claims that employees of the Bureau of Prisons intentionally damaged or destroyed part of Defendants' motion for summary judgment. [ECF No. 144]. Plaintiff has not shown why he has not been able to determine how much of Defendants' motion he is missing since he received it on March 20, 2018. In the interest of time, the undersigned orders Defendants to mail Plaintiff an additional copy of ECF No. 113. However, Plaintiff is advised that he should be working on his response immediately with the materials he has, as by his own statements it appears that he is equally to blame for

3

any delay in responding. Plaintiff's deadline to file a response remains May 26, 2018, as the court has already provided Plaintiff with numerous generous extensions, and he has had access to his legal materials since March 20, 2018.

III.     Motion for Legal Mail to be Certified

Plaintiff requests that all of his mail be sent by certified mail, as he claims he does not timely receive his mail. Plaintiff has cited no authority for such a requirement. Plaintiff's motion to have all of his legal mail certified [ECF No. 145] is therefore denied.

IT IS SO ORDERED.

April 11, 2018  
Columbia, South Carolina

Shiva V. Hodges  
United States Magistrate Judge