IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| Anthony D. Williams, | ) | Case No. 1:16-cv-3043-DCC |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | **ORDER** |
| Mrs. Bennett, | ) | |
| Defendant. | ) | |

Pending before the Court is Plaintiff's motion to reconsider the Court's Order, ECF No. 176, adopting in part and declining to adopt in part the Report and Recommendation ("Report") of the United States Magistrate Judge, ECF No. 171. ECF No. 189. Defendant filed a response in opposition. ECF No. 197. Having carefully considered the motions, the response, the record, and the applicable law, it is the judgment of the Court that Plaintiff's motion is granted in part, denied in part, and held in abeyance in part.

## BACKGROUND

United States Magistrate Judge Shiva V. Hodges issued a Report recommending Defendant's motion for summary judgment be granted. ECF No. 171. Plaintiff filed objections. ECF No. 175. On August 30, 2018, this Court entered an Order adopting in part and declining to adopt in part the recommendation of the Report; the Court granted summary judgment in favor of Defendants with respect to all claims except for Plaintiff's claim for excessive force against Ms. Bennett. ECF No. 178.

1

## **APPLICABLE LAW AND ANALYSIS**

*Rule 59(e)*

Rule 59 of the Federal Rules of Civil Procedure allows a party to seek an alteration or amendment of a previous order of the court. Fed. R. Civ. P. 59(e). Under Rule 59(e), a court may "alter or amend the judgment if the movant shows either (1) an intervening change in the controlling law, (2) new evidence that was not available at trial, or (3) that there has been a clear error of law or a manifest injustice." *Robinson v. Wix Filtration Corp.*, 599 F.3d 403, 407 (4th Cir. 2010); *see also Collison v. Int'l Chem. Workers Union*, 34 F.3d 233, 235 (4th Cir. 1994). It is the moving party's burden to establish one of these three grounds in order to obtain relief. *Loren Data Corp. v. GXS, Inc.*, 501 F. App'x 275, 285 (4th Cir. 2012). The decision whether to reconsider an order under Rule 59(e) is within the sound discretion of the district court. *Hughes v. Bedsole*, 48 F.3d 1376, 1382 (4th Cir. 1995). A motion to reconsider should not be used as a "vehicle for rearguing the law, raising new arguments, or petitioning a court to change its mind." *Lyles v. Reynolds*, C/A No. 4:14-1063-TMC, 2016 WL 1427324, at *1 (D.S.C. Apr. 12, 2016) (citing *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008)).

*The Court's Review*

<u>FTCA Claims</u>

The Court held a hearing by telephone with respect to whether Plaintiff should be permitted to conduct limited discovery regarding his FTCA claims. For the reasons stated in that hearing, the Court will permit limited discovery of this issue. Plaintiff's motion is

granted with respect to his request to conduct discovery. The motion is held in abeyance with respect to his remaining FTCA claims.

### Deliberate Indifference to Serious Medical Needs

Plaintiff asserts that the Court erred in granting summary judgment with respect to his claim of deliberate indifference to serious medical needs against Dr. Onuoha. In support of his argument, Plaintiff attaches the affidavits of six other inmates and incorporates his prior affidavits. Defendants argue that these affidavits were not previously offered in opposition to the motion for summary judgment. While the Court agrees that they were not offered in Plaintiff's response in opposition to the motion for summary judgment, these affidavits were in the record and were considered by the Court. Accordingly, the Court will address them.

Upon review of the proffered affidavits from inmates other than Plaintiff, the Court finds that these affidavits do not require reconsideration of its prior ruling. The affidavits mostly relate to the death of another inmate, allegedly from a lack of adequate medical care, or complaints by those individuals regarding their medical treatment. No inmate offers any information with respect to Plaintiff's treatment.

With respect to Plaintiff's remaining exhibits, the Court incorporates its prior discussion and the Magistrate Judge's prior discussion of the medical evidence in the record. Plaintiff's allegations that he was denied adequate medical treatment are not supported by the record. The records indicate that Plaintiff was consistently treated and was referred to pain management counseling. As previously stated in this case, Plaintiff is entitled to a certain minimum level of medical treatment, not his choice of treatment.

Accordingly, the motion for reconsideration is denied with respect to Plaintiff's deliberate indifference to serious medical needs claim.[1]

### Eighth Amendment Claims

Plaintiff argues that the Court erred in granting summary judgment with respect to his conditions of confinement and failure to protect claims.[2] Plaintiff asserts that alternative remedies are insufficient and that his claim should be considered under *Bivens*. Specifically, Plaintiff contends that the FTCA does not bar a claim from proceeding under *Bivens*. The Court agrees that the availability of the FTCA does not act as a strict bar to a *Bivens* claim; however, particularly in light of the Supreme Court's recent ruling in *Ziglar v. Abassi*, 137 S.Ct. 1843 (2017), and the Fourth Circuit's decision in *Attkisson v. Holder*, 2019 WL 1292886 (4th Cir. 2019), the Court reiterates that the availability of the FTCA suggests caution in allowing the same claim to proceed in the *Bivens* context. As explained more fully in the Magistrate Judge's Report and this Court's prior order, the availability of alternative remedies to address the party's claim may alone limit the power of the judiciary to infer a *Bivens* claim. *Ziglar*, 137 S.Ct. at 1858. The *Ziglar* Court held that the special factor "inquiry must concentrate on whether the Judiciary is well suited, absent congressional action or instruction, to

---

[1] The Court denies Plaintiff's request to conduct discovery with respect to this claim.

[2] To the extent he attempts to recategorize these as subparts of a claim for deliberate indifference to serious medical needs, the Court disagrees and declines to realign his claims in this way.

consider and weigh the costs and benefits of allowing a damages action to proceed." The Court cautioned that in assessing whether Congress or the courts should determine whether to provide a damages remedy, "[t]he answer most often will be Congress." *Id*. at 1857.

Plaintiff also takes issue with the grouping of his claims. However, upon review of the Magistrate Judge's Report, the Court finds that this grouping of claims was an efficient way to discuss Plaintiff's lengthy claims. They were so grouped because, under the *Ziglar* framework, these claims represent new *Bivens* contexts.[3] Accordingly, these claims were subject to the same analysis.[4]

## **CONCLUSION**

For the foregoing reasons, Plaintiff's Motion for Reconsideration of the Order entered on August 30, 2018 [189] is granted in part, denied in part, and held in abeyance in part.

IT IS SO ORDERED.

s/Donald C. Coggins, Jr.
United States District Judge

April 16, 2019
Spartanburg, South Carolina

---

[3] To the extent Plaintiff argues that these claims are similar enough to prior *Bivens* claims that they do not present a new context, the Court disagrees.

[4] Plaintiff seeks reconsideration of his conditions of confinement and failure to protect claims; the Court ruled on these claims and restates its discussion without further comment.